UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAVON AARON,

                      Plaintiff,

         -against-

S. KEYSER, et al.,

                    Defendants.

21-CV-5258 (PMH)

ORDER OF SERVICE

---

PHILIP M. HALPERN, United States District Judge:

      Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, for which the filing fee has been paid, alleging that while visiting her husband at Green Haven Correctional Facility, a security dog bit her on the buttock, causing her to suffer injuries. She also alleges that following the biting, Green Haven correction officers denied her medical attention. As set forth below, the Court (1) dismisses without prejudice Plaintiff's claims against the Superintendent of Green Haven Correctional Facility and the Director of the Office of Special Investigations (OSI); (2) dismisses Plaintiff's claims against Defendant K-09-05; and (3) directs the Clerk of Court to issue summonses as to Sergeant Mlark, Officer S. Keyser, and Officer Preston.

## DISCUSSION

**A.**    **Superintendent of Green Haven Correctional Facility and OSI Director**

      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or

supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how the Superintendent of Green Haven or the OSI Director were personally involved in the events underlying her claims. Plaintiff's federal claims are therefore dismissed for failure to state a claim on which relief may be granted.[1]

**B.     Claims against K-09-05**

Plaintiff's claims against K-09-05, a Green Haven security dog, are dismissed because this defendant is not a "person" under § 1983 and does not have the capacity to be sued. *See, e.g.*, *Scott v. Lazure*, No. 3:19-CV-0713, 2020 WL 2615502, at *9 (D. Conn. May 22, 2020) (noting that "[a] dog, however, lacks capacity to be sued and is not a person within the meaning of Section 1983"); *Smith v. P.O. Canine Dog Chas*, No. 02-CV-6240, 2004 WL 2202564, at *4 (S.D.N.Y. Sept. 28, 2004) (finding that "[a] police dog is not a "person" within the meaning of § 1983); *Fitzgerald v. McKenna*, No. 95-CV-9075, 1996 WL 715531, at *7 (S.D.N.Y. Dec. 11, 1996) (finding that "animals lack capacity to be sued").

**C.     Order to issue summonses**

The Clerk of Court is directed to issue summonses as to Defendants Sergeant Mlark, Officer S. Keyser, and Officer Preston. Plaintiff is directed to serve the summons and complaint

---

[1] To the extent Plaintiff seeks to bring state-law claims against these defendants, she must bring any such claims against the State of New York in the New York State Court of Claims. *See* N.Y. Correct. Law § 24 ("Any claim for damages arising out of . . . the failure to perform any act within the . . . duties of any officer or employee of the department shall be brought and maintained in the court of claims as a claim against the state.").

on each Defendant within 90 days of the issuance of the summonses. If within those 90 days, Plaintiff has not either served Defendants or requested an extension of time to do so, the Court may dismiss the claims against these Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses from the action Defendants Superintendent of Green Haven Correctional Facility, OSI Director, and K-09-05.

The Clerk of Court is directed to issue summonses as to Sergeant Mlark, Officer S. Keyser, and Officer Preston.

SO ORDERED.

Dated:   White Plains, New York
         September 8, 2021

_____
PHILIP M. HALPERN
United States District Judge