> Defendants' request for leave to move to dismiss Plaintiff's Amended Complaint is granted. In light of Plaintiff's *pro se* status, the Court's pre-motion conference requirement is hereby waived.
>
> Defendants shall serve and file their notice of motion and opening brief by August 17, 2022; Plaintiff shall file her opposition brief by September 19, 2022; Defendants shall serve and file their reply brief by October 3, 2022.
>
> Defendants are directed to serve a copy of this Order on Plaintiff and to file proof of service on the docket.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequences pending at Doc. 25 and Doc. 30.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        July 20, 2022

LETITIA JAMES
ATTORNEY GENERAL

**BY ECF**
Honorable Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

Re: <u>Aaron v. Keyser</u>, 21 Civ. 5258 (PMH)

Dear Judge Halpern:

This Office represents defendants Sgt. Malark, CO Preston (incorrectly identified in the caption as Peterson), and Investigator Keyser ("Represented Defendants") in the above-referenced action.[1] In accordance with Your Honor's Individual Practices, I write to respectfully request a pre-motion conference regarding Represented Defendants' proposed motion to dismiss Plaintiff's Amended Complaint ("AC") (Dkt. No. 29) pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6).

On May 9, 2022, Represented Defendants filed a motion to dismiss. (*See* Dkt No. 25). In lieu of an opposition, Plaintiff filed an AC on May 31, 2022. (Dkt. No. 29). Not only is Plaintiff's

---

[1] Defendants Superintendent John/Jane Doe and OSI Director John/Jane Doe, were previously dismissed *sua sponte* on September 8, 2021 (Dkt No. 4) from the original complaint, and have not since been served with the amended complaint. According to the docket, and upon information and belief, defendant Annucci has not been served with the amended complaint.

AC untimely pursuant to Fed. R. Civ. P. 15(a)(1)(B), but the AC fails to correct the deficiencies identified in the Represented Defendants' motion. The AC is almost identical to the previously filed complaint except for the addition of Acting Commissioner Annucci as a defendant and an allegation contesting the manner of the K-9 search.

## Legal Arguments

Plaintiff's deliberate indifference claims under the Due Process Clause of the Fourteenth Amendment fail because there was no constitutional deprivation. A substantive due process claim premised upon arbitrary exercise of governmental power requires Plaintiff to present evidence establishing that defendants' conduct was so egregious that it "shocks the conscience" and violated the decencies of civilized society. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). Here, the canine sniff, accidental dog bite, and alleged delay in medical treatment for the bite is far from "conscience-shocking." Further, Plaintiff failed to sufficiently plead a deliberate indifference to serious medical needs claim. Substantive due process claims that specifically concern an alleged denial of medical care by government officials are generally analyzed under the Eighth Amendment's "deliberate indifference" standard. *See City of Revere v. Massachusetts Gen. Hospital*, 463 U.S. 239, 244 (1983); *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996). To sufficiently plead a deliberate indifference to serious medical needs claim under the Eighth Amendment, a plaintiff must first allege that deprivation of adequate medical care that is "sufficiently serious" - a condition of urgency, one that may produce death, degeneration, or extreme pain. *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). Second, a plaintiff must allege that the defendant acted with deliberate indifference, or a "sufficiently culpable state of mind." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Here, the alleged medical condition was not "sufficiently serious." The vague and conclusory allegation that Plaintiff's buttocks were "hurting," (AC, ¶¶ 10,12), does not constitute a serious medical condition. *See Malsh v. Austin*, 901 F. Supp. 757, 762 (S.D.N.Y. 1995) (finding the allegation that Plaintiff's teeth were hurting badly was insufficient to constitute a serious medical need). Plaintiff also failed to satisfy the second prong of this claim as she failed to allege facts to show that Defendants acted with deliberate indifference. The sole allegation that Defendants were informed that Plaintiff was bitten by a dog is insufficient to show that they "knew or should have known" that "an excessive risk to [] health or safety" would result from the alleged short delay in treatment – which occurred because she chose to stay at the facility after she was permitted to leave after the facility count. *Chance*, 143 F.3d at 702.

Plaintiff's excessive force claims also fail because the alleged use of force – a bite from a K-9 dog - was not applied knowingly or purposefully. It is alleged to have been an accident during the screening of the visitors at the jail. (AC, ¶ 10). "Accidental or negligent acts are not subject to Fourteenth Amendment liability …" *Edrei v. Maguire*, 892 F.3d 525, 536 (2d Cir. 2018). Defendants Preston and Malark are further entitled to dismissal of the excessive force claims as there is no allegation that they were in control of the K-9 dog that allegedly bit Plaintiff's buttock or were even present during the alleged incident.

To adequately plead a First Amendment retaliation claim, a plaintiff must plausibly allege that: (1) she has an interest protected by the First Amendment, (2) defendants' actions were motivated or substantially caused by his exercise of that right, and (3) defendants' actions effectively chilled the exercise of his First Amendment right. *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001). Here, Plaintiff failed to allege that she engaged in constitutionally protected speech or conduct. Her alleged request for medical attention and complaint regarding the dog bite

did not implicate a constitutionally protected conduct. They did not concern a matter of public concern or "any matter of political, social, or other concern to the community." *Connick v. Myers*, 461 U.S. 138, 146 (1983); *see also Gimore v. Blair,* No. 18 Civ. 463, 2020 WL 6792467, at *4 (S.D.N.Y. June 30, 2020) ("courts have not recognized a freestanding right to request medical attention as a protected activity sufficient to support a retaliation claim"); *James v. Gage*, No. 15 Civ. 106, 2019 WL 6251364, at *7 (S.D.N.Y. Nov. 21, 2019).

Plaintiff's Fourth Amendment unreasonable search claim also fails. In evaluating such claims, a court is to balance the intrusiveness of the search on the individual's Fourth Amendment interests against the promotion of legitimate governmental interests. *Illinois v. Lafayette*, 462 U.S. 640 (1983). An individual's expectation of privacy is greatly diminished when they visit a prison because of the need to maintain safety, order and security. *Security and Law Enforcement Employees v. Carey*, 737 F.2d 187, 204 (2d Cir. 1984); *Block v. Rutherford*, 468 U.S. 576, 586 (1984) (noting that contact visits "open the institution to the introduction of drugs, weapons, and other contraband" and remarking that "[v]isitors can easily conceal … contraband in countless ways and pass them to an inmate unnoticed by even the most vigilant observers."). Hence, correctional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in jails. *Florence v. Board of Chosen Freeholders of Country of Burlington*, 566 U.S. 318 (2012); *see also Calloway v. Lokey*, 948 F. 194, 201-202 (4th Cir. 2020) (discussing the importance of maintaining internal security in prisons and the severe threat the contraband poses to the security.) The canine sniff at issue was not a "search" at all. The Supreme Court has held that in public areas, such as the prison at issue, canine sniffs do not constitute "searches" for Fourth Amendment purposes. *See, e.g., United States v. Place,* 462 U.S. 696, 707 (1983); *accord, e.g., United States v. McKenzie,* 13 F.4th 223, 222-35 (2d Cir. 2021). Even if the

canine sniff was considered a search, it was simply a minimally-intrusive precautionary screening of visitors similar to a metal detector screening, which can be conducted "without any individualized suspicion, given the weighty institutional safety concerns." *Cates v. Stroud*, 976 F.3d 972, 979-80 (9th Cir. 2020); *U.S. v. Thomas*, 757 F.2d 1359, 1366 (2d Cir. 1985). Nor are Defendants Preston and Malark alleged to have been responsible for the canine sniff.

Plaintiff's Twelfth cause of action, in which she appears to allege that the search by the K-9 was conducted in a sexual manner, also fails. There is no independent claim for sexual abuse under the Fourth Amendment. *Falls v. (Police Officer) Detective Michael Pitt*, No. 16 Civ. 8863, 2021 WL 1164185, at *29–30 (S.D.N.Y. Mar. 26, 2021). An officer's alleged sexual misconduct is evaluated as part of the inquiry into whether a search was unreasonable and invasive. *Id*. Thus, the Twelfth cause of action is duplicative of Plaintiff's unreasonable search claim. *Id*. As noted *supra*, the canine sniff does not constitute a search within the meaning of the Fourth Amendment. *United States v. Iverson*, 897 F.3d 450, 461 (2d Cir. 2018). Further, even if the Court were to consider the K-9's sniffing a "search," the sniffing of Plaintiff's person was reasonable. As a visitor at a jail, Plaintiff only had diminished expectation of privacy, and she can reasonably expect to be stopped, questioned, and possibly searched. *See United States v. Kelly*, 302 F.3d 291, 294 (5th Cir. 2002) (holding dog-sniff-search of defendant during routine border stop reasonable because a person approaching the international border and checkpoint can reasonably expect to be searched).

Plaintiff's Eighth cause of action also fails because there is no constitutional right to have your injuries documented. Defendant Keyser will also move to dismiss the AC under Fed. R. Civ. P. 12(b)(5) for insufficient service of process. Finally, Represented Defendants are entitled to qualified immunity because the allegations are insufficient to allege that they violated any federal rights. Wherefore, Represented Defendants respectfully request a pre-motion conference.

Page 6

        Respectfully submitted,
        */s/ Amanda Yoon*
        Amanda Yoon
        Assistant Attorney General
        Amanda.Yoon@ag.ny.gov